## COHEN v. UNITED STATES (two cases).

(Circuit Court of Appeals, Seventh Circuit. June 29, 1923.)

### Nos. 3198, 3199.

1. **Criminal law ☞736(2)—Admissibility of confession.**

   If it is shown by testimony substantially without conflict that a confession made by an accused in custody was procured through any sort of coercion or by reason of any promise of reward or leniency, the judge should refuse to permit it to be used in evidence or referred to before the jury; but if the evidence tends to show that it was made voluntarily, in a legal sense, it is admissible, prima facie, and the question whether it should be considered is for the jury under proper instructions.

2. **Criminal law ☞671—Whether alleged confession is admissible prima facie is preliminary question to be determined in absence of jury.**

   A defendant who has pleaded not guilty is entitled to have the prima facie admissibility of an alleged confession heard and determined as a preliminary question, not in the presence of the jury.

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

3. **Witnesses** &#9758;318—Evidence of good reputation of defendant who testified held admissible.

Where a defendant charged with a crime which imports dishonesty is a witness in his own behalf, he may show by competent witnesses his good reputation for truth and veracity and honesty.

4. **Post office** &#9758;49—Evidence held irrelevant and erroneously admitted.

Where a postal employee was charged with abstracting money from letters, it was error to admit testimony of bank officials respecting his bank account and his wife's separate account without showing any connection between the two accounts or between either and the offense charged.

In Error to the District Court of the United States for the Eastern District of Wisconsin.

Criminal prosecutions by the United States against Lewis Cohen, consolidated indictments. Judgment of conviction, and defendant brings error. Reversed.

Nelson Trottman, of Milwaukee, Wis., for plaintiff in error.

H. A. Sawyer, of Milwaukee, Wis., for the United States.

Before BAKER, EVANS, and PAGE, Circuit Judges.

BAKER, Circuit Judge. On consolidated indictments, Cohen a postal employee, was convicted of having opened letters from which he abstracted checks and then cashed them by means of forged endorsements and appropriated the proceeds to his own use.

[1] Aside from an alleged oral confession the government's evidence was circumstantial. Cohen objected to the introduction of testimony regarding the alleged confession on the ground that it was obtained from him against his will while he was in the custody of officers. He asked that a preliminary investigation be had before the judge, with the jury excluded, in order to determine the question of prima facie admissibility. He was entitled to such an inquiry, but it was refused to him. On such an inquiry, if the testimony shows without substantial conflict that an accused or suspected person in custody has made a confession through any sort of coercion or by reason of any promise of reward or leniency, the judge should refuse to permit the confession to be used as evidence and should keep any reference to it from the jury's hearing. If on the other hand the testimony for the government tends to show that the alleged confession was made voluntarily in the legal sense, then no matter how heavily the testimony for the defendant as to the character of the confession may controvert that for the government, the confession is prima facie admissible as evidence; the jury should be recalled; and the judge, in finally submitting the case to the jury, should give the legal tests for the jury to apply to the evidence in deciding whether the confession should be counted or should be rejected in determining the issue of guilt or innocence. Sparf v. United States, 156 U. S. 51, 15 Sup. Ct. 273, 39 L. Ed. 343; Bram v. United States, 168 U. S. 532, 18 Sup. Ct. 183, 42 L. Ed. 568; Murphy v. United States (C. C. A.) 285 Fed. 801.

[2] This requirement of a preliminary investigation into the character of a challenged confession goes deeper than procedural formal-

&#9758;For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

ity. A confession, if found to have been voluntary, is evidence of the weightiest sort. It is almost conclusive. So a defendant who has pleaded not guilty and has gone to trial ought not to be forced to waive his objections as to the prima facie admissibility of the alleged confession or fight out his objections and preserve his exceptions in the presence of the jury.

[3] In this case the government's evidence, apart from the alleged confession, was wholly circumstantial. Cohen's testimony, if believed, would require a verdict of not guilty. Several witnesses were called by his counsel for the announced purpose of proving that Cohen bore a good reputation for truth and veracity and for honesty. No testimony to that effect was received in evidence. Such testimony might be the determinative element with the jury in deciding what the verdict should be. Snitkin v. United States (C. C. A.) 265 Fed. 489; Edgington v. United States, 164 U. S. 361, 17 Sup. Ct. 72, 41 L. Ed. 467. The record shows clearly that competent witnesses were produced and sworn and put on the stand to testify to the good reputation of Cohen for truth and veracity and for honesty. Counsel correctly stated the importance of this testimony to the defense. The court stated that he understood what counsel was trying to do; and excluded the proffered testimony solely on the ground that the questions were not put in proper form. The substance was too vital to be sacrificed to form. If the court was of the opinion that the jury would not understand the bearing of character evidence upon the case unless the questions were put in a certain form, he should have supplied the form.

[4] It was erroneous to permit the government to prove by bank officers the deposit account of Cohen and the separate deposit account of his wife without showing any connection between the two accounts and any connection between the accounts or either of them with the matters alleged as offenses in the indictment. Williams v. United States, 168 U. S. 382, 18 Sup. Ct. 92, 42 L. Ed. 509.

The judgment is reversed, with the direction to grant a new trial.