THE STATE OF NEW JERSEY, DEFENDANT IN ERROR, v. GEORGE VILLANO, PLAINTIFF IN ERROR.

Submitted January term, 1928—Decided July 7, 1928.

Before GUMMERE, CHIEF JUSTICE, and Justices BLACK and LLOYD.

For the plaintiff in error, *J. Victor D'Aloia.*

For the defendant in error, *Joseph L. Smith.*

PER CURIAM.

Plaintiff in error was convicted of manslaughter in the Essex Court of Oyer and Terminer, and appeals from the judgment entered thereon assigning two grounds for reversal.

The first of these is that the court erred in receiving in evidence the testimony of one John Smith, a character witness offered by the state, and the second that the verdict of the jury was against the weight of the evidence.

As to the first point the matter is presented in this wise: The defendant called a witness, Rufalo, as a character witness. He was asked if he knew the reputation of the defendant for telling the truth and being a law-abiding citizen. He answered "Yes." He was then asked whether it was good or bad, to which question there was no answer. The witness was then cross-examined, and in the course of this cross-examination the witness said that everybody he talked to knew it was always in the defendant's favor. Finally, the court asked, "Did you ever hear anybody say anything about his truth or law-abiding qualities?" to which the witness

answered "No." That this examination was adopted by defendant's counsel is evidenced by the fact that the court having at the conclusion of the testimony said it would allow the question previously asked by defendant's counsel, the question itself was not pressed, counsel evidently being satisfied with the answers already given.

When the witness Smith was called he was asked the question, "Do you know his [defendant's] reputation for recklessness in driving an automobile?"

The Court—"Or the reverse."

*A.* "Yes."

To this there was objection and the objection overruled. Then the question was modified by the prosecutor:

*Q.* "Is his reputation in that respect good or bad?"

*A.* "It is bad that way."

It is contended, in the first place, that the defendant had not by its proofs brought the defendant's reputation in issue and that the state was not entitled to rebut it; and also that the testimony was incompetent in that it is only the general reputation that can be proven.

We think both grounds of appeal are without merit. Defendant was on trial for manslaughter in having killed a child through reckless driving of an automobile. The only pertinent character evidence would obviously be his reputation for reckless driving, and this we think was an issue attempted to be set up by the defendant in calling the witness Rufalo, and with whose testimony he was doubtless contented when elicited by the prosecutor and the court. This testimony, according to its obvious import, tended to leave in the minds of the jury a conviction that the defendant was not only truthful, but that he was a law-abiding citizen, as this was the question asked by defendant's counsel and to which the witness undoubtedly referred when he said, "Everybody I talk to knew it was always in his favor." When, therefore, the state in rebuttal introduced the witness Smith, and elicited from him his reputation for reckless driving, it was substantially an inquiry directly in line with the testimony adduced in the defendant's favor, but tending to contradict it.

The Traffic act makes reckless driving unlawful, and it necessarily follows that, being unlawful, one who violates it is not a law-abiding citizen, and the state, under the circumstances, was entitled to show the defendant's reputation in this regard.

We, therefore, conclude that the testimony adduced by the defendant opened the door to the proof offered by the state in rebuttal, and that the inquiries addressed to this witness were not unduly narrowed and restricted. In this view we are sustained by the authorities. In *Whit. Ev.* (*2d ed.*) 278: "The elementary law is that the inquiry into character is always adapted to the charge," and (at *p.* 277) : "The prosecution's rebutting repute may be of the specific trait even though defendant's evidence was of general character." To this same effect are *Frank* v. *State,* (*Ga.*), 80 *S. E. Rep.* 1016, and *Commonwealth* v. *Maddocks* (*Mass.*), 93 *N. E. Rep.* 253. In both cases the defendant had set up a general reputation for good character, and the prosecution in rebuttal was permitted to prove the bad reputation in the particular phase of conduct involved in the charge. Any other view, we think, would be injurious to the defendant himself. Unless character inquiry is restricted to the class of conduct involved in the criminal charge, grave injustice would result through the introduction of a damaged reputation in respects alien thereto. It is unnecessary to cite illustrations to demonstrate this truth.

As to the second point raised on the appeal, our examination of the proofs satisfies us that the verdict was not against the weight of the evidence, and that the judgment should not, therefore, be disturbed.

Judgment affirmed.