### KEADY v. UNITED STATES.
### No. 694.

Circuit Court of Appeals, Tenth Circuit.
Jan. 4, 1933.

Rehearing Denied Feb. 14, 1933.

A. F. Moss, of Tulsa, Okl. (M. A. Breck-inridge and H. R. Young, both of Tulsa, Okl., and Carey Caldwell, of Vinita, Okl., on the brief), for appellant.

Harry Seaton, Asst. U. S. Atty., of Tulsa, Okl. (John M. Goldesberry, U. S. Atty., of Tulsa, Okl., on the brief), for the United States.

Before COTTERAL, PHILLIPS, and McDERMOTT, Circuit Judges.

COTTERAL, Circuit Judge.

The defendant, George H. Keady, appeals from a conviction and sentence under an indictment, which charged him with knowingly transporting a certain automobile from Springfield, Mo., to Tulsa, Okl., with knowledge it had been stolen from J. L. Magers.

Error is assigned upon (1) the overruling of a demurrer to the evidence of the government; (2) certain instructions to the jury; and (3) the exclusion of evidence.

When the government rested its case, the defendant demurred to the evidence, the demurrer was overruled and an exception was saved. The defendant then introduced evidence in defense. By that course the ruling on the demurrer was waived. There was no motion for a directed verdict. By the failure to so test the evidence, no question of its sufficiency is presented for our consideration; at least none, unless this court, to prevent a miscarriage of justice, should find it proper to review the evidence. Reynolds v. United States (C. C. A.) 48 F.(2d) 762. We are not impressed the power should be exercised in this case. The exceptions saved to the instructions did not pertain to the question on which the case must turn, and they will not be noticed. But there were exceptions to the exclusion of certain evidence, which require our consideration.

J. L. Magers testified in behalf of the government that he was the owner of the car and that it was stolen from him at Springfield, Mo., on November 8, 1931. This testimony was undisputed. Police officers of Tulsa gave their testimony. They found the car in defendant's possession in that city about the middle of November. The motor number did not correspond with the number on Magers' car, but its secret number located under the body of the car on the left side of the frame was the same. The defendant exhibited to them a certificate of title dated four days before at Picher, Okl. He claimed he had bought the car from one Walker who was in company with Jennings Young.

The defendant gave an elaborate account of acquiring the car. He had lived in Tulsa for ten years. Jennings Young came there with Walker to see him, stating that Walker owed him $50 and was hard up, and inquired if defendant knew of a dealer who might buy a car. The defendant went with them to locate prospective customers, and finally to Don Malchi, who inquired about the tag on the car. Walker stated he had Texas papers for the car, which he left at Picher, when he obtained a certificate of title. The defendant finally bought the car for $200, paying $25 down. They later assigned to him the certificate of title, and he then paid the balance.

There were various other details relating to the purchase of the car by the defendant. The evidence against the defendant was wholly circumstantial. It is unnecessary to consider it, except to state that the government claimed his so recent possession of the car after it was stolen raised a presumption he had stolen it, unless that possession was satisfactorily explained; and his evidence consisted of a denial of guilt and showed circumstances explanatory of his possession. It further developed that the defendant's business was taking wagers for commissions on races throughout the country; and that he had pleaded guilty to a liquor offense, for which he had served a term in the penitentiary.

In the course of the trial, the defendant made a definite offer to prove by several witnesses his general reputation in his community for honesty and integrity, but the inquiries were excluded. The trial court ruled that the only evidence permissible was concerning his reputation for being an upright, law-abiding citizen, and, in some instances, testimony as to the trait of honesty was held to be allowable.

There was error in these rulings. It is well settled that the reputation subject to proof is that respecting the trait of character involved in the offense charged. As the prosecution was founded on the initial larceny of the car by the defendant, it became competent to prove his general reputation for honesty and integrity. Edgington v. United States, 164 U. S. 361, 17 S. Ct. 72, 41 L. Ed. 467; Cohen v. United States (C. C. A.) 291 F. 368; Snitkin v. United States (C. C. A.) 265 F. 489; 16 C. J. 582; 22 C. J. 479; Wigmore on Evidence (2d Ed.) vol. 1, § 59; People v. Redola, 300 Ill. 392, 133 N. E. 292; State v. Conlan, 3 Pennewill (Del.) 218, 50 A. 95; Greenleaf on Evidence, vol. 3, § 25;

Butler v. State, 52 Tex. Cr. R. 528, 107 S. W. 840.

It is to be said that there was evidence which reflected upon defendant's character; for example, his part in the gambling on races and his guilt in liquor dealing. But they did not necessarily impeach him in his reputation for honesty and integrity. And, according to the doctrine of Edgington v. United States, supra, if the competent evidence offered as to his reputation had been received and had been considered by the jury, a reasonable doubt of his guilt might have been raised and resulted in his acquittal.

Other questions have been argued before us. It is unnecessary to consider them. For the plain error in excluding evidence, the judgment in this case must be reversed. It is so ordered, with direction to grant the defendant a new trial.

Reversed.