PAUL GLOTZER, by MAX GLOTZER, His Guardian ad Litem, and MAX GLOTZER, Plaintiffs, *v.* THE CITY OF NEW YORK, BOARD OF EDUCATION and DAVID TOBEY, Defendants.

Supreme Court, Trial Term, Bronx County, March 14, 1940.

*Martin Gollubier,* for the plaintiffs.

*William C. Chanler, Corporation Counsel,* for the defendants.

HAMMER, J. Application on notice of motion and affidavits for the issuance of a subpœna *duces tecum,* pursuant to rule 162 of the Rules of Civil Practice, is denied   The reason given for the production of the records sought is that plaintiff obtained statements of two fellow pupils to his alleged accident at the high school in question, requires their attendance as witnesses, but is unable to locate them, has requested the school authorities to furnish the addresses from the school records, which request was denied, and desires the records produced so " plaintiff may be able to ascertain their then or present addresses." The corporation counsel objects on the ground that a subpœna may not be used for that purpose and such an application is not authorized by rule 162 or any other provision of law, as it is apparent plaintiff attempts to require defendant to locate or otherwise aid in the production of witnesses for plaintiff. Rule 9-a provides a method of requiring a party to file a statement of his address. No other provision of law is pointed out under which a party may be required to furnish his adversary with the recorded address of a witness upon the mere statement of inability to locate such witness. Of course if it appears that a record is required as evidence or for any other proper use upon a trial, and a copy or other secondary evidence will not suffice in lieu thereof, a subpœna should issue without considering whether the record will be competent and admissible which are matters exclusively for the trial court. (*Friedeberg* v. *Haffen,* 162 App. Div. 79; *Matter of Green,* 92 Misc.

503.) The decision here is confined to the facts given upon this application, as records shown to be necessary for use on the trial are within the purview of rule 162. The denial is without prejudice to any new application properly brought thereunder.