## MORRIS v. DISTRICT OF COLUMBIA.
### No. 7859.

United States Court of Appeals for the District of Columbia.

Argued Nov. 3, 1941.

Decided Dec. 8, 1941.

Mr. Neil Burkinshaw, of Washington, D. C., with whom Mr. Daniel B. Maher, of Washington, D. C., was on the brief, for appellant.

Mr. Vernon E. West, Principal Asst. Corp. Counsel, of Washington, D. C., with whom Messrs. Richmond B. Keech, Corp. Counsel, and John Nesbitt, Asst. Corp. Counsel, both of Washington, D. C., were on the brief, for appellee.

Mr. Milton D. Korman, Asst. Corp. Counsel, of Washington, D. C., also entered an appearance for appellee.

Before GRONER, Chief Justice, and MILLER and EDGERTON, Associate Justices.

EDGERTON, Associate Justice.

Appellant was convicted, in the Police Court, of injuring a person with a motor vehicle and failing to stop and give assistance, etc., and report to the police.[1] He has not brought here the evidence[2] on which he was convicted, or questioned its sufficiency.

---

[1] D.C.Code (1929), Supp. V, Tit. 6, § 247.

[2] We do not consider the extra-record evidence referred to in the briefs.

■ The trial court excluded evidence of appellant's "reputation for tenderness and mercy." In criminal prosecutions the accused may, unless the proof makes it irrelevant, "call witnesses to show that his character was such as would make it unlikely that he would be guilty of the particular crime with which he is charged."[3] But "it is well settled that the reputation subject to proof is that respecting the trait of character involved in the offense charged."[4] Injuring a person with a motor vehicle commonly involves no lack of tenderness and mercy, but only a lack of skill or the like. Likewise, tenderness and mercy commonly have nothing to do with reporting to the police. If one believes that the person struck is uninjured or is well cared for, failure to stop involves no lack of tenderness and mercy, though it may involve lack of coolness, judgment, or courage, and of respect for law. If it was shown that appellant held either or both of those beliefs, his tenderness and mercy were as irrelevant to the issue of flight as to the other possible issues in the case. "The present record does not show what evidence was or was not introduced. * * * We must therefore presume that the necessary evidence was introduced" to make the court's ruling proper.[5] "Error is not to be presumed, but must be made affirmatively to appear by the party asserting it."[6]

■ The same principle applies to the next point. The court excluded evidence that appellant carried $100,000 of liability insurance. He offered this as showing "lack of motive * * * not to comply with the purposes of the statute * * *." With nothing in the record to show what testimony concerning flight there may or may not have been, we cannot say that the exclusion of this evidence was prejudicial.[7]

Appellant asked for a subpoena duces tecum directed to Kenneth Yeatman, a member of the bar, requiring him to produce "the statements of R. Harris, E. Edson and N. Clark in the case of Bomley v. Morris." The record does not clearly identify the case of Bomley v. Morris. Appellant's counsel told the court that the statements were made by witnesses to the accident who had been subpoenaed by the prosecution in the present case. The record implies that Bomley was the person injured, and that the statements were obtained by Mr. Yeatman as counsel for Bomley. The court refused the subpoena on the ground that the statements were privileged.

Some cases hold that the issuance of subpoenas to compel the production of documents on behalf of an accused is within the reasonable discretion of the court. Some require, at least, a showing of relevancy and materiality to the defense before the court is bound to issue the subpoena.[8] No such showing appears to have been made here. The record does not indicate that appellant told the court what the desired statements contained, or what he had reason to believe, or did believe, that they contained.

■ We need not pass upon the question whether there was technical error in refusing the subpoena. There is nothing in the record to show that, at the trial, a foundation was or could have been laid for admitting the statements in evidence, either to impeach their authors or for any other purpose. It does not appear that they admitted making the statements, or were asked whether they had made them, or that the statements were actually in existence either at the time of the trial or when the subpoena was sought. The record does not even show that the authors testified at the trial. Without a proper foundation the statements, if they had been brought to court in response to a subpoena, would not have been admitted in evidence.[9] There is therefore no basis in the record for an inference that the error, if any, in refusing the subpoena, was prejudicial. Like a harmless error in exclusion of evidence, it does not call for reversal.[10]

Affirmed.

[3] Edgington v. United States, 164 U.S. 361, 363, 17 S.Ct. 72, 73, 41 L.Ed. 467. Wigmore, Evidence (3d ed.), § 56.

[4] Keady v. United States, 10 Cir., 62 F.2d 689, 690.

[5] Junghans v. Junghans et al., 72 App. D.C. 129, 130, 112 F.2d 212.

[6] Wabash Railway Co. v. Bridal, 8 Cir., 94 F.2d 117, 121, certiorari denied 305 U.S. 602, 59 S.Ct. 63, 83 L.Ed. 382.

[7] Cf. 28 U.S.C.A. § 391.

[8] Walker v. Commonwealth, 257 Ky. 613, 78 S.W.2d 754, 757; Eaton v. State, 163 Miss. 130, 140 So. 729, 732. But cf. Glotzer v. City of New York, 173 Misc. 829, 19 N.Y.S.2d 174; In re Subpoenas Duces Tecum, D.C.E.D.Tenn., 248 F. 137.

[9] Arnstein v. United States, 54 App.D. C. 199, 296 F. 946.

[10] Cothren v. State, 139 Tex.Cr.R. 644, 141 S.W.2d 594.