574

**ROBINSON v. UNITED STATES.**

**No. 9191.**

United States Court of Appeals
District of Columbia.

Argued May 27, 1946.

Decided June 28, 1946.

Mr. Otho D. Branson, of Washington, D. C., for appellant.

Mr. Sidney S. Sachs, Assistant United States Attorney, of Washington, D. C., with whom Messrs. Edward M. Curran, United States Attorney, and Arthur J. McLaughlin, Assistant United States Attorney, both of Washington, D. C., were on the brief, for appellee.

Before GRONER, Chief Justice, and CLARK and WILBUR K. MILLER, Associate Justices.

PER CURIAM.

While standing on the sidewalk at the southeast intersection of 5th and N Streets, N. W., in the District of Columbia, William Buckman was struck by a truck which "jumped the curb" as it turned the corner at a rapid rate of speed. The truck did not stop and elluded witnesses who pursued it. Buckman was taken to a hospital where he died three days later. Having concluded that Henderson Robinson, the appellant, was the driver of the hit-and-run truck, a jury convicted him of negligent homicide. He appeals.

The appellant argues that the evidence was not sufficient to sustain the verdict and, as a corollary, that it did not show that Buckman's death was the result of injuries sustained when the truck struck him. A careful examination of the evidence convinces us that there was sufficient evidence in both particulars.

The appellant complains further that the District Court excluded evidence which he offered concerning his reputation as a prudent and careful driver. In view of the fact that the appellant denied having been the driver of the death truck, and that the evidence tending to identify him as the driver was circumstantial, we think he was entitled to show the jury, if he could, that among those with whom he worked and who had the best opportunity to observe him in that respect, he was reputed to be a prudent, careful driver; hence it was error to exclude evidence which he offered on that subject. Pittsburgh Railways Co. v. Thomas, 3 Cir., 174 F. 591; State v. Villano, 142 A. 643, 6 N.J. Misc. 713; Morris v. District of Columbia, 75 U.S.App.D.C. 82, 124 F.2d 284. In the Thomas case as here, the testimony offered was objected to on the ground that it was not general reputation but confined to a class. The court answered this contention by saying, " * *

We think, however, that reputation or character in a special employment or calling is competently proved—indeed, is best proved, as it exists among those of the same calling. It is the general reputation among those best capable of forming an opinion in regard to the same." [174 F. 596.]

The judgment is reversed and the cause is remanded for further proceedings in accordance herewith.

Reversed.