**BLOCK v. TENANTS, 2016 O STREET, N. W., et al. (COGSWELL, Administrator of Rent Control, Intervener).**

No. 868.

Municipal Court of Appeals for the District of Columbia.

Argued Dec. 12, 1949.

Decided Dec. 22, 1949.

Jacob W. Block, petitioner, pro se.

Ernest F. Williams, Washington, D. C., with whom Ruffin A. Brantley, Washington, D. C., was on the brief, for Robert F. Cogswell, Administrator of Rent Control, intervener.

Before CAYTON, Chief Judge, and HOOD and CLAGETT, Associate Judges.

60

HOOD, Associate Judge.

This case is here on petition of a landlord to review an order of the Administrator of Rent Control. The order is the result of our previous ruling in Block v. Means, D.C.Mun.App., 64 A.2d 163. As will be seen by reference to that opinion, we there ruled that the addition of a bathroom and certain other improvements to the first floor of the premises did not constitute new or additional housing accommodations so as to remove this floor of the building from rent control. We further ruled that the landlord was entitled to separate the first floor into two rental units and that it was error on the part of the Administrator to refuse to fix rents on the separate units. We remanded the case with instructions to the Administrator to evaluate the rental in the light of the improvements made and to fix the rentals on the two units. Thereafter the Administrator fixed the rent ceilings for the separate units and his order is here for review.

The landlord says that the increase allowed is not reasonable in view of the improvements made before and after our previous ruling. Without going into detail as to the improvements, it is sufficient to say that we find nothing arbitrary or unreasonable in the rents fixed.

■ The landlord says that the findings of the Administrator were not based on evidence. After remand of the case by us the examiner went to the premises and inspected them in the presence of the landlord. The actual appearance and condition of the units certainly constituted evidence and such evidence probably spoke louder and clearer on the issue than would any other type of evidence. · The contention that the findings were not based on evidence cannot be sustained.

■ In connection with the above the landlord says he was denied a hearing at which to offer his evidence. The case had already been heard. We did not remand the case for a rehearing on all issues. It was sent back for an order fixing rents on the separate units. The inspection of the premises by the examiner in the presence of counsel for the Administrator and the landlord and his manager, at which time no additional evidence was tendered or suggested by the landlord, constituted a sufficient hearing under the circumstances of this case.

■ The examiner in his findings stated that other units in the premises were inspected as to comparability and that any rent in excess of the amount recommended would exceed the maximum rent ceiling for comparable housing. The landlord claims it was error to compare the units on the first floor with other units in the same building and says that rental units in other buildings should have been used for comparability purposes. Where only a portion of the units in a building are involved, we see no reason why they should not be compared with other units in the same building.[1] Units such as these are likely more comparable to other units in the same building than to units in another building at another location.

■ The landlord further argues that if he had been given the opportunity he could have produced evidence showing that no emergency exists with respect to the type of rental unit here involved, i. e., that the supply is very much in excess of the demand. Although he does not say so we assume he would then contend that the rent law is unconstitutional in so far as it controls rentals of this type of accommodations. We do not think that the office of the Administrator of Rent Control is the proper place for an attack on the constitutionality of the Rent Act, D.C. Code 1940, § 45—1601 et seq. The Administrator is authorized to administer the Rent Act, and has no authority to determine that the emergency has ceased or that the Act is unconstitutional. Furthermore, the rent law was enacted to meet an emergency with respect to housing accommodations generally and it is doubtful that the law could be declared unconstitutional or inapplicable to one type of housing ac-

1. London Terrace v. Creedon, Em.App., 162 F.2d 722; Bell v. Fleming, Em.App., 159 F.2d 416.

commodation on a showing that the supply of that particular type meets or exceeds the demand therefor.

Lastly, the landlord contends that the improvements made by him constituted new housing accommodations not subject to rent control. This contention was decided adversely to him in our previous decision. The improvements since made do not change our opinion on that feature of the case.

Affirmed.