## HUTCHINSON v. PEACOCK.

### No. 923.

Municipal Court of Appeals for the District of Columbia.

Argued May 8, 1950.

Decided May 25, 1950.

John H. Coffman, Washington, D. C., for appellant.

Ernest F. Henry, Washington, D. C., for appellee.

Before CAYTON, Chief Judge, and HOOD and CLAGETT, Associate Judges.

CAYTON, Chief Judge.

A tenant brought an action to recover double damages as allowed by the local rent act [1] for alleged violation of a minimum-service standard covering housing accommodations leased to him. He claimed that the landlord, though required to furnish "screens" had refused to supply three screen doors for his premises. The trial court found for defendant landlord and the tenant appeals.

The premises here involved had been remodeled just prior to the time this tenant took possession. Application was made to the Rent Administrator for maximum rent ceiling and minimum-service standard. The record before us does not include the testimony in the proceedings before the Administrator, but there is no dispute that included in the minimum-service standard fixed by him was the bare requirement that the landlord furnish "screens." And in the trial below it was established by plaintiff's own evidence that there was no mention of screen doors in the lease between the parties (which was the only agreement between them); that no where in any of the proceedings before the Administrator was there any mention of screen doors; and that when the Administrator inspected the premises prior to his decision there were no screen doors there. It was also conceded, that the landlord installed screens in all

16. 39 Am.Jur., Nuisances, § 30; 46 C.J., Nuisances, § 45.

1. District of Columbia Emergency Rent Act, Code 1940, Supp. VII. 45—1610(a).

windows but did not furnish screens for any of the three doors in the premises.

The trial judge ruled as a matter of law that the word "screens" as used by the Rent Administrator "does not include screen doors." To test the correctness of that ruling the case has been brought here. The single question before us is whether the Administrator's order requiring the landlord to furnish "screens" can be construed to include screen doors.

At the outset at least this seems to pose a problem in semantics, and the tenant's approach is largely on that ground. He argues in substance that the common, ordinary meaning of "screens" encompasses screen doors. We are inclined to disagree with that view. Naturally, if the Administrator's order had been more explicit, and had expressly included or excluded screen doors, this dispute would not be here; but we must take the case as we find it. Windows are used for light and ventilation and hence need to be screened against insects; but the principal purpose of a door is to provide a passageway. Even when windows are left open, doors are often closed, and in the night time kept locked. Thus many people would not need or want screen doors. But even if we could take appellant's view, we think for reasons we state below that he was required to do more than demonstrate the abstract meaning of a word.[2]

The tenant's position would perhaps be stronger if he could have established that either in that particular neighborhood or in the community generally householders as a matter of custom and usage equip their homes with screen doors. The record shows no attempt at such proof either before the Administrator or in the trial of this case in the Municipal Court.

In reality, however, we are not dealing with semantics or with custom but with a legal question. Here a tenant came into court demanding double (statutory) damages on the ground that the landlord had refused to comply with a minimum-service standard. To sustain that charge a tenant, as we have said in an earlier case, "* * * in order to obtain damages for violation of a service standard must show that he has been deprived of a service to which he was entitled as of right."[3]

We think it plain from the facts and concessions in the record (as well as from important omissions) that this tenant failed to make any such showing in the trial court. Likewise he has failed in this court to discharge the burden which rests on every appellant, of affirmatively establishing error.[4]

Affirmed.

2. Appellant cites Bartell v. Senger, 160 Md. 685, 155 A. 174, but that case has no applicable value here except by way of word description.

3. Roumel v. Goldberg, D.C.Mun.App., 46 A.2d 114, 116.

4. Morris v. D. C., 75 U.S.App.D.C. 82, 124 F.2d 284; Mitchell v. Ralph D. Cohn, Inc., D.C.Mun.App., 52 A.2d 631; Hoover v. Babcock, D.C.Mun.App., 53 A.2d 591.