**JENNINGS v. GILBERTSON et al.**

Nos. 920, 921.

Municipal Court of Appeals for the District of Columbia.

Argued June 7, 1950.

Decided June 28, 1950.

Douglas A. Clark, Washington, D. C., for petitioner.

F. Trowbridge vom Baur, Washington, D. C., for respondents.

Ernest F. Williams, Washington, D. C., with whom Ruffin A. Brantley, Washington, D. C., was on the brief, for Robert F. Cogswell, Administrator of Rent Control, Washington, D. C., intervener.

Before CAYTON, Chief Judge, and HOOD and CLAGETT, Associate Judges.

CAYTON, Chief Judge.

A landlord has brought here for review orders of the Rent Administrator reducing rents on two furnished houses located at 3612 and 3614 Fessenden Street, N. W.[1] The proceedings had been commenced by the tenants of the two houses, respondents on this appeal, who filed with the Administrator their respective petitions for adjustments of rent or services.

The first assigned error which we shall discuss relates to the claim that the Administrator ignored comparable housing in fixing the ceilings involved. But the record shows that comparable housing accommodations were considered. In his findings and recommended orders the rent examiner listed seven houses in the same block as the two houses here involved, which he referred to as comparables, which "were used as a guide for the purpose of further study of other rental housing in the neighborhood." This was a proper approach. Paraphrasing what we said in

1. One of the houses had previously been subject to a ceiling as unfurnished housing accomodations, but the landlord later furnished it and charged a higher rent. On the other house, the Administrator had previously fixed a furnished ceiling.

Block v. Tenants, 2016 O Street N. W., 70 A.2d 59, housing accommodations such as these are likely to be more comparable to buildings in the same block than to others in a different location. The landlord submitted to the examiner a long list of houses which he claimed were comparable. We note however that most of these were unfurnished and that a large number of them are not in the City of Washington. We note also that there is nothing in the record to indicate that the rentals on these particular houses furnished a sounder or more accurate basis for comparison than those used by the examiner and the Administrator. Remembering the rule which we recently repeated that one seeking a reversal in an appellate court has the burden "of affirmatively establishing error,"[2] we must hold that this petitioner has failed to discharge that burden and there is here no basis whatever for reversing the Administrator's action.

 With reference to other errors alleged to have been committed by the examiner, we are constrained to rule that we have no power to review them because petitioner did not exhaust his administrative remedy by seeking a review before the Rent Administrator. The record shows that after the examiner made his findings and recommended orders in the two cases, it was not the landlord but the tenants who demanded a review thereof by the Administrator. And the record does not disclose that the landlord on such review asserted any of the grounds (except the first one already discussed above) on which he seeks reversal in this court. It is settled beyond question that where administrative review is provided by law, it must be availed of before resort may be had to the courts.[3] Just a few days ago, the United States Court of Appeals for this Circuit refused to review orders of the Civil Aeronautics Board for the reason that the grounds urged for reversal had not been urged before the Board.[4] "The objection therefore comes too late," said the Court, and cited the statute to the effect that "No objection to an order of the Board shall be considered by the court unless such objection shall have been urged before the Board or, if it was not so urged, unless there were reasonable grounds for failure to do so."[5] The position of this petitioner is even weaker because the restrictive language of the Rent Act is stronger than the statute just quoted. The Rent Act says, "No objection that has not been urged before the Administrator shall be considered by the court, unless the failure to urge such objection shall be excused *because of extraordinary circumstances.*"[6] [Italics supplied.] Not only have no "extraordinary circumstances" been presented to us, but petitioner offers no reason at all for his failure to seek a review by the Administrator of the examiner's rulings. But even if we could consider the errors claimed, an affirmance would follow for reasons we shall briefly state.

 One error charged relates to the refusal of the examiner to grant a continuance of the hearing. This, as has many times been held, is in the field of discretion and seldom reviewable on appeal.[7]

 Petitioner says that the examiner's finding, approved by the Administrator, fixed an arbitrary and confiscatory service standard by including therein a value of $5,340.32 on the furniture and furnishings placed in 3614 Fessenden Street. But even a casual reading of the record shows that in fixing the minimum standard the examiner adopted the very amount declared and submitted by the landlord himself as the true value of the furniture and furnish-

2. Hutchinson v. Peacock, D.C.Mun.App. 73 A.2d 903.

3. Lichter v. U. S., 334 U.S. 742, 791, 68 S. Ct. 1294, 92 L.Ed. 1694; see also Chambers v. Robertson, U.S.App.D.C., 183 F.2d 144, decided June 12, 1950.

4. Seaboard & Western Airlines v. Civil Aeronautics Board, U.S.App.D.C., — F.2d — decided June 5, 1950.

5. Citing 52 Stat. 1024, 49 U.S.C.A. § 646 (e).

6. Code 1940, Supp. VII, 45—1609(b).

7. Taylor v. Yellow Cab Co., D.C.Mun. App., 31 A.2d 683.

ings. In his brief the Administrator says it clearly was not his intention to hold the landlord to a furniture value of $5,340.32, and concedes that even if there was such an intention, the landlord could not be so held because of the language of this court in Astin v. Phillips, 66 A.2d 690, 692, in which we said: "The furnishing of furniture is a service under the Rent Act, but we do not think that proof that furniture is of less value than the value placed thereon by the landlord proves a violation of the service standard." Thus there seems to be no merit to petitioner's claim that the service standard was confiscatory.

Petitioner says there is nothing in the record to indicate by what means the examiner and the Administrator arrived at the ceiling fixed. But in addition to the matter of comparables above-discussed, the record shows that testimony was taken, many exhibits introduced and considered, and a personal inspection made by the examiner. There is no basis whatever on which we could properly rule that the Administrator's order "is not in accordance with law, or is not supported by substantial evidence."[8]

Affirmed.

8. Code 1940, Supp. VII, 45—1609(b).