Paul C. EDWARDS, Appellant,

v.

The UNITED STATES of America,
Appellee.

EDWARDS ENTERPRISES, INC.,
Appellant,

v.

The UNITED STATES of America,
Appellee.

Nos. 8730, 8731.

United States Court of Appeals
Tenth Circuit.

Dec. 5, 1966.

Rehearing Denied April 20, 1967.

Joe A. Moore and Jack B. Sellers, Sapulpa, Okl. (Sellers & Woodson, Sapulpa, Okl., and Charles A. Whitebook, Tulsa, ·Okl., with them on the brief), for appellants.

Lawrence A. McSoud, Asst. U. S. Atty., .and Hugh V. Schaefer, Asst. U. S. Atty.

(John M. Imel, U. S. Atty., with them on the brief), for appellee.

Before PICKETT and HICKEY, Circuit Judges, and BRATTON, District Judge.

BRATTON, District Judge.

Paul C. Edwards and Edwards Enterprises, Inc. appeal from judgments and sentences pursuant to guilty verdicts on each of ten counts of an indictment. The indictment contained three counts charging violations of the anti-fraud provisions of the Securities Act of 1933, 15 U.S.C. Sec. 77q(a), three counts charging mail fraud, in violation of 18 U.S.C. Sec. 1341, three counts charging use of interstate commence to sell a non-registered security in violation of 15 U.S.C. Sec. 77e(a) (2), and one count charging transportation in interstate commerce of a security taken by fraud, in violation of 18 U.S.C. Sec. 2314.

The indictment stems from the sale by Edwards of fractional undivided working interests in an oil and gas lease in Oklahoma. All of the counts, other than the three charging the sale of non-registered securities, allege in essence a scheme to defraud those who purchased the fractional undivided working interests and use of the mails in furtherance of the fraud.

Edwards was the president of Edwards Enterprises, Inc. He and his family owned its stock. An oil and gas lease covering lands in Oklahoma was owned by Edwards Enterprises, Inc. Edwards arranged for the sale of ⅟₃₂nd undivided working interests in the lease to various investors throughout the United States. As a part of the agreement with the investors, Edwards Enterprises, Inc. acted as the operator on the lease. It was charged that the sales were pursuant to a scheme which embodied the making of numerous misrepresentations and concealment of material facts from the investors about the lease and a well on it and that the mails were used in furtherance of the scheme and fraud.

It was further charged that the offerings of the fractional undivided working

interests were securities required to be registered with the Securities and Exchange Commission and that assignments were sent through the mail without a registration statement having been filed with the Commission.

Following a lengthy trial, both defendants were found guilty on each of the ten counts of the indictment. Sentencing and this appeal followed.

Appellant Paul Edwards contends that the trial court unduly restricted the evidence of good character which was tendered on his behalf. In addition, he contends that there was error in failure of the reporter to record the side-bar conference at the bench where this restriction was discussed among counsel and the court.

■ Numerous side-bar conferences among court and counsel were not recorded.[1] Failure to comply with the Court Reporters' Act, 28 U.S.C. § 753(b)(1), is not prejudicial error, per se. Straus v. United States, 5 Cir., 311 F.2d 926, cert. den., 373 U.S. 910, 83 S.Ct. 1297, 10 L.Ed.2d 411; Burns v. United States, 5 Cir., 323 F.2d 269, cert. den. 376 U.S. 907, 84 S.Ct. 659, 11 L.Ed.2d 606; Stirone v. United States, 3 Cir., 341 F.2d 253; United States v. Taylor, 4 Cir., 303 F.2d 165, cf. United States v. Sigal, 3 Cir., 341 F.2d 837.

■ However, it constitutes error to fail to report any portion of the proceedings in a criminal case where the unavailability of a transcript makes it impossible for the appellate court to determine whether or not prejudicial error was committed. Parrott v. United States, 10 Cir., 314 F.2d 46; United States v. Sigal, supra; Fowler v. United States, 5 Cir., 310 F.2d 66, cf., Brown v. United States, 9 Cir., 314 F.2d 293.

The only side-bar conference which was not reported to which specific error and prejudice is pointed, occurred during the presentation of the character evidence which appellant, Paul C. Edwards, claims was unduly restricted.

Appellant Edwards presented seven character witnesses. During the examination of the first one inquiry was made as to his knowledge of the general reputation of Edwards as being "a good, law-abiding citizen, one who is honest and a man of integrity." The court sustained objection to that question as being improper. Appellant's counsel then inquired of the witness as to the reputation of Edwards as being a law-abiding citizen following which there was objection and the unreported side-bar conference at the bench.

■ Edwards' counsel have filed an affidavit by his trial attorneys that at the unreported conference tender was made that each of the witnesses would testify that the reputation of Edwards was that of a good, law-abiding citizen, one who is honest and a man of integrity and that the court limited counsel in his further inquiry to the defendant's reputation as a law-abiding citizen. While it is admitted that no request was made that the conference be reported, appellants' trial attorneys give the explanation that they did not know it was not being reported.[2]

■ Subsequent to the side-bar conference, seven character witnesses for the defendant testified without contradiction that the reputation of Edwards as " a good, law-abiding citizen" in Tulsa was good. Accepting as correct appellants' affidavit of the events at the unreported conference, no prejudicial error was committed against Edwards. It is

---

1. 28 U.S.C. § 753 provides: "(b) One of the reporters * * * shall record verbatim * * * (1) all proceedings in criminal cases had in open court;"

2. It is well to note the mandatory requirements of 28 U.S.C. § 753(b). It is the responsibility of the court to be certain that its provisions are strictly observed, and no request is necessary. The legislative history of the statute makes it clear that the Court Reporters' Act was enacted for the protection of the parties and of the court and to the end that justice may be served by having available an adequate record, and particularly so in a criminal proceeding.

unnecessary to remand for a new trial as in *Parrott* or to remand for the purpose of a hearing on possible prejudice, as in *Brown*.

■ The character trait as to which evidence is admissible must be relevant to the trait of character which is in issue, and bear analogy and reference to the nature of the charge. Edgington v. United States, 164 U.S. 361, 17 S.Ct. 72, 41 L.Ed. 467; Keady v. United States, 10 Cir., 62 F.2d 689; Hawley v. United States, 10 Cir., 133 F.2d 966; Travis v. United States, 10 Cir., 247 F.2d 130. Edwards' position is that the gravamen of the charges was fraud and the traits of honesty and integrity being directly relevant thereto, it was error to refuse evidence as to his good reputation in those respects.

■ While the traits of honesty and integrity were relevant and analogous to the nature of the charge, they were included in the all-encompassing question asked each witness as to Edwards' reputation as a good, law-abiding citizen. The question and answers brought to the jury evidence of traits of good character inconsistent with commission of the acts charged against Edwards. The court's instruction correctly defined the purpose for which the evidence of good character was admitted. The testimony of the seven character witnesses was uncontradicted and unchallenged. Under these circumstances, the restriction against amplification of the questions asked the character witnesses did not prejudice Edwards. Hawley v. United States, supra.

Appellant urges that Keady v. United States, supra, directs otherwise. In *Keady*, a similar restriction clearly prejudiced the defendant who had one previous conviction and whose admitted occupation was gambling. Some witnesses were not permitted to testify that he was a man of honesty and integrity. The character evidence which was admitted that he was a law-abiding citizen was thoroughly refuted and could have been of little assistance to the defendant. Indeed, the trial judge advised the jury that he could not believe testimony that the defendant was law-abiding in view of his admitted occupation and conviction.

The limitation imposed in *Keady* effectively deprived the defendant of the benefit of evidence of good character or reputation. On the contrary, Edwards had the full benefit of substantial and uncontradicted character evidence, broadly relevant to all of the charges against him, which evidence was presented to the jury for its consideration under a proper instruction. He was not prejudiced by the trial court's limitation against amplification.

■ Appellants contend that several witnesses for the Government committed perjury. The basic thrust of the contention is that certain of the investors who testified committed perjury relative to the amount of money they had invested in the lease, and also as to their relationship with Edwards. This assertion was raised on a motion for new trial and the trial court conducted an evidentiary hearing. At the conclusion the trial judge specifically found that the challenged witnesses did not commit perjury. A review of the extended record reveals no reason for disagreement with that finding.

■ Appellants assert that a certain letter written to Edwards by one of his employees since deceased should have been admitted under the Business Records Act, 28 U.S.C.A. Sec. 1732 as a record kept in the regular course of business. The letter related to equipment for which Edwards had not made payment upon the grounds that it was defective. Appellants admit it was written after a dispute had arisen with the supplier of the equipment and was for the purpose of substantiating the claim of Edwards against the supplier. This does not constitute a record made in the regular course of business. Palmer v. Hoffman, 318 U.S. 109, 63 S.Ct. 477, 87 L.Ed. 645, reh. den. 318 U.S. 800, 63 S.Ct. 757, 87 L.Ed. 1163. Dilley v. Chesapeake & Ohio Railway Co., 3 Cir., 327 F.2d 249, C.D. 379 U.S. 824, 85 S.Ct. 47, 13 L.Ed.2d

34; Cromling v. Pittsburgh and Lake Erie R.R. Co., 3 Cir., 327 F.2d 142; Otney v. United States, 10 Cir., 340 F.2d 696; Missouri-Pacific Railroad Co. v. Austin, 5 Cir., 292 F.2d 415.

 Appellants object to the instructions of the court defining reasonable doubt and securities exempt from registration under the Securities Exchange Act. Appellants' objection to the court's instruction on reasonable doubt is raised for the first time in this court. No objection was made at trial and no requested instruction in this regard was tendered. There was no plain error in the instruction given and appellants' objection will not now be considered. Holland v. United States, 348 U.S. 121 (140), 75 S.Ct. 127, 99 L.Ed. 150; Lopez v. United States, 373 U.S. 427, 83 S.Ct. 1381, 10 L.Ed.2d 462; Burchinal v. United States, 10 Cir., 342 F.2d 982; Walton v. United States, 10 Cir., 334 F.2d 343, Rule 30 Fed.R.Cr.P.; Lucas v. United States, 10 Cir., 355 F.2d 245.

The objection to the instruction of the court on securities which are exempt from registration with the Securities Exchange Commission as private [3] is that the court should have given illustrations of the determinative factors to be considered rather than merely stating them. Their position is that the instruction without further definition or examples was so vague, uncertain and indefinite as to be of no assistance to the jury and was erroneous.

 The instruction given was a concise and correct statement of the law. It was not error to refuse amplification to include examples as tendered in the appellants' requested instruction.[4]

There was no reversible error and the judgment is Affirmed.

---

3. The court's instruction in material part was:
"The principal factors to be considered in determining whether an offering of securities is public or private are as follows:
  (a) The number of prospects and their relationship to each other and to the seller,
  (b) The number of units offered,
  (c) The size of the offering,
  (d) The manner of the offering,
  (e) Whether the particular persons affected stand in need of the protection of registration."

4. One example included in the defendants' lengthy requested instruction was:
"(b) The number of units offered; if only an insubstantial number of units is offered presumably no public offering would be involved. Ordinarily an offering to not more than 25 persons would not be a substantial offering."
The validity of such an instruction would be doubtful. Securities Exchange Commission v. Ralston-Purina Co., 346 U.S. 119, 73 S.Ct. 891, 97 L.Ed. 1494; Woodward v. Wright, 10 Cir., 266 F.2d 108.