Harry SILER, Petitioner,

v.

**DISTRICT OF COLUMBIA DEPART-
MENT OF EMPLOYMENT
SERVICES, Respondent.**

No. 86–1049.

District of Columbia Court of Appeals.

Submitted April 15, 1987.
Decided May 18, 1987.

---

Harry E. Siler, pro se.

James R. Murphy, Acting Corp. Counsel, Charles L. Reischel, Deputy Corp. Counsel, and Charlotte Brookins-Pruitt, Asst. Corp. Counsel, Washington, D.C., were on brief, for respondent.

Before NEBEKER and BELSON, Associate Judges, and REILLY, Senior Judge.

PER CURIAM:

This is a petition for review of a final order of the Department of Employment Services (the Department) denying a compensation claim filed under D.C.Law § 4–100, the Victims of Violent Crimes Compensation Act of 1981, D.C.Code §§ 3–401 to –415 (1986 Supp.). We affirm.

According to his *pro se* brief, petitioner Harry E. Siler was entitled to compensation under the Act because his injury was inflicted by one Cynthia Forman in an assault, for which she was arrested and convicted.[1] Petitioner was hospitalized for treatment, and states that because of having to undergo physical therapy after his release, he was unable to work and eventually lost his job.

The purpose of the new Act under which relief was sought is "[t]o provide compensation to innocent victims of violent crime who have no other source of compensation...." *See* D.C.Law § 4–100 preamble. It is currently being administered by a unit of the Department called the Division of Disability and Crime Compensation. A claims examiner employed in that division rejected the claim after reviewing police

---

1. The police records disclose that Forman was charged at the time of her arrest with a felony- assault with intent to kill.

and hospital records. Those records disclosed that in an "altercation" with his girlfriend, she had stabbed him in the neck with a piece of broken glass.

The examiner's preliminary determination stated that because these reports showed that the claimant was "involved in an altercation with the offender" at the time he sustained the injuries, an award of compensation should be denied. This determination cited the rules and regulations, 29 D.C.Reg. 5198 (Nov. 7, 1982), promulgated under the statute as compelling this conclusion.

The particular regulation, Rule 109.9, provides:

> Compensation may be reduced, reconsidered or denied because of misconduct of the victim or claimant that contributed to the crime. Misconduct includes, but is not limited to the following:
>
> (a) The victim initiated, consented to, aggravated or prolonged a physical confrontation with the offender; or
> (b) The victim was participating in an illegal drug transaction; drunk in public, creating a public disorder, frequenting a place of prostitution, frequenting a place where drugs or alcohol are illegally bought, sold or consumed; frequenting a place where illegal gambling is conducted; or participating in any other illegal conduct.

Rule 109.9, 29 D.C.Reg. 5215 (1982).

Whether the quoted regulation is a valid construction of the statute is a question we need not decide. Rule 106.2, 29 D.C.Reg. 5207 (1982), provides that once notified of a preliminary determination:

> If within fifteen (15) working days the claimant does not inform the Office as to whether a hearing is desired or whether the determination is agreed to, the determination shall become final. *Form No. 7 DCCV "Notice of Final Determination"* shall be mailed to the claimant. Such notice shall contain the same information as found in Section 106.1(a), and (b) above.

According to the record before us, petitioner was advised by letter dated May 21, 1986, not only of the claims examiner's determination, but also of his right to request a hearing within the 15–day period under the rules. Enclosed was a "Form No. 7 DCCV," along with a hearing request form. Such a hearing would have afforded petitioner an opportunity to show that he neither "consented to" nor "prolonged the confrontation" nor "participated in any other illegal conduct." By not filing such a request, he waived this opportunity. He offers no explanation for his inaction.

Under familiar principles of administrative law, such failure to exhaust administrative remedies bars petitioner from judicial review. *Jennings v. Gilberston,* 74 A.2d 839, 841 (D.C.1950) (failure to exhaust not excused where "petitioner offers no reason at all for his failure to seek [an intra-agency] review").

We note that D.C.Code § 3–411(b)(2) (1986 Supp.) provides that the agency's preliminary determination shall become final if the claimant of victims' compensation chooses to forego the hearing. And § 3–412 provides generally that a final determination may be appealed to this court. But such language does not relieve the petitioner of his obligation to exhaust administrative remedies. *See Malcolm Price, Inc. · v. District Unemployment Compensation Board,* 350 A.2d 730, 733–34 (D.C.1976). Moreover, the judicial review available in accordance with D.C. Code § 1–1510 (1981) applies only to orders or decisions in "contested cases."[2] The petitioner's failure to challenge the preliminary determination through administrative channels leaves us with no contested case in which to review his claim. *See id.* § 3–411(b)(3). For these reasons, the petition for review is dismissed. *See Malcolm Price, Inc., supra,* 350 A.2d at 734.

*So Ordered.*

---

**2.** The term "contested case" is defined as a proceeding in which the "legal rights, duties, or privileges of specific parties are required ... to be determined after a hearing ... before an agency...." D.C.Code § 1–1502(8). D.C.Code §§ 3–401–405 (1986) does not purport to amend § 1–1510, the statutory provision limiting the jurisdiction of this court.