902 P.2d 977

STATE of Hawai'i, Plaintiff–Appellee,

v.

Rogelio Lahip GANOTISI, also known as Roger, Defendant–Appellant.

No. 17020.

Intermediate Court of Appeals of Hawai'i.

Aug. 31, 1995.

William H. Feldhacker, on the brief, Kalaheo, Kauai, for defendant-appellant.

Stuart S. Spring, Deputy Pros. Atty., County of Kauai, on the brief, Lihue, Kauai, for plaintiff-appellee.

Before BURNS, C.J., and WATANABE and KIRIMITSU, JJ.

WATANABE, Judge.

The sole question presented by this appeal is whether the written transcripts of the trial below are so deficient as to deny Defendant–Appellant Rogelio "Roger" Lahip Ganotisi (Defendant) his right to a meaningful appeal. We answer in the negative, and accordingly affirm Defendant's conviction.

## BACKGROUND

As a result of several incidents involving his fourteen-year-old stepdaughter (Stepdaughter), Defendant was charged with, and subsequently convicted of: three counts of

Sexual Assault in the First Degree, in violation of Hawai'i Revised Statutes (HRS) § 707–730(1)(a) and (b) (Supp.1992); two counts of Kidnapping, in violation of HRS § 707–720(1)(d) (Supp.1992); two counts of Terroristic Threatening in the First Degree, in violation of HRS §§ 707–715 (1985) and 707–716(1)(d) (Supp.1992); and one count of Abuse of Family and Household Members, in violation of HRS § 709–906 (1985 & Supp. 1991).

The proceedings of Defendant's jury trial were recorded by a video camera rather than a live court reporter, and the videotape of the proceedings was subsequently transcribed by an official court reporter. These transcripts, as well as a certified copy of the actual video recording, are a part of the record in this appeal.

Defendant maintains that because the transcripts contain 368 notations by the court reporter of "no audible response," "indiscernible words," or "indiscernible whisperings or conversation," his appellate counsel is unable to accurately review the trial proceedings to determine whether prejudicial error occurred. As a result, Defendant contends that he has been denied his right to due process. We disagree.

### DISCUSSION

■ Although an indigent criminal defendant is entitled to be provided with a "record of sufficient completeness" to permit proper consideration of the defendant's claims on appeal, *Mayer v. City of Chicago,* 404 U.S. 189, 193–94, 92 S.Ct. 410, 414, 30 L.Ed.2d 372 (1971), a full verbatim transcript of the trial proceedings is not automatically required, especially if other alternatives are available to assure the defendant a fair appellate review. *Id.*

■ Moreover, the general rule is that where the transcripts of a defendant's trial are incomplete because they omit portions of the trial proceedings, such omissions do not mandate reversal unless they specifically prejudice the defendant's appeal. *See, e.g., United States v. Malady,* 960 F.2d 57, 59 (8th Cir.1992) (lack of complete transcript does not necessarily require reversal; to obtain reversal, defendant must show that the miss-

ing part of the transcript specifically prejudices the appeal); *United States v. Antoine,* 906 F.2d 1379, 1381 (9th Cir.1990), *cert. denied, Antoine v. United States,* 498 U.S. 963, 111 S.Ct. 398, 112 L.Ed.2d 407 (1990) (even if there were omissions in the transcripts, appellant cannot prevail without a showing of specific prejudice); *United States v. Gallo,* 763 F.2d 1504, 1530 (6th Cir.1985), *cert. denied by Gallo v. United States,* 475 U.S. 1017, 106 S.Ct. 1200, 89 L.Ed.2d 314 and *Graewe v. United States,* 474 U.S. 1068, 106 S.Ct. 826, 88 L.Ed.2d 798 (1986) (court reporter's failure to fully record bench conferences not per se error requiring reversal); *United States v. Robinson,* 459 F.2d 1164, 1171 (D.C.Cir.1972) (conviction would not be reversed for transcript's omission of eleven bench conference proceedings and other inaudible or garbled proceedings, where record was sufficient to permit full and considered appraisal on appeal); *Edwards v. United States,* 374 F.2d 24, 26 (10th Cir.1966), *cert. denied,* 389 U.S. 850, 88 S.Ct. 48, 19 L.Ed.2d 120 (1967) (failure of court reporter to record a sidebar conference not prejudicial error per se).

In this case, the transcripts of Defendant's two-day trial totaled 325 pages. Although there are gaps in the transcript where the court reporter was unable to decipher certain words or statements recorded on the trial videotape, we are satisfied, based on our review of the record on appeal, that these gaps did not prejudice in any way Defendant's right to a meaningful appeal.

Defendant alleges that the incomplete transcripts prejudice him in two specific ways. First, they preclude him from discerning why his trial counsel objected to, and why the trial court admitted into evidence, three pages of a journal kept by Stepdaughter which described, in detail, the acts committed against her by Defendant. Second, they preclude him from understanding why the trial court sustained the State's objection to certain testimony by a child protective services investigator. We find no merit to either argument.

#### A. Admission of Stepdaughter's Journal Entries

On direct examination, Stepdaughter testified in detail about how, during the months

of July and August 1991, Defendant had forced her to have sexual relations with him on at least three occasions, gagged and bound her hands and feet with ripped bedsheets or rope on at least two occasions, threatened her with a knife to prevent her from telling anybody about the assaults, slapped her across the face, and hit her on the thigh with a board.

On cross-examination, Defendant's trial counsel impeached Stepdaughter's credibility by questioning her about prior inconsistent statements that she had made before a grand jury and to Lucy Douthitt (Douthitt), a child abuse investigative social worker with the Department of Human Services, Child Protective Services Division. For example, defense counsel got Stepdaughter to admit that, in a videotaped statement made to Douthitt shortly after the incidents involving Defendant had been reported to police, Stepdaughter never mentioned anything about her hands being tied behind her back, sheets being used to gag and tie her, her feet being tied to the sofa during two incidents, and Defendant's use of a knife. Furthermore, contrary to her testimony at trial, Stepdaughter had previously told Douthitt that the bruise on her thigh had been inflicted by Defendant's hand.

On redirect examination, the prosecutor attempted to rehabilitate Stepdaughter's credibility by introducing into evidence certain pages from a loose-leaf journal kept by Stepdaughter in various folders. The prosecutor established that Stepdaughter had mentioned the journal to Douthitt during their interview and that Stepdaughter had subsequently turned over the papers containing her journal entries to police.

These journal entries were written on loose-leaf, lined notebook paper, and each entry was dated at the top. In these dated journal entries, Stepdaughter described in detail what was happening in her life. In the journal entries for July 5, 16, and 31, 1991, Stepdaughter described three incidents in which Defendant had violated her sexually. Stepdaughter's trial testimony was consistent with these journal entries.

When Defendant's trial counsel objected to the introduction of Stepdaughter's journal entries, the following colloquy took place:

[PROSECUTOR]: Your Honor, may I—the State moves to enter State's 10, 11 and 12.

[DEFENSE COUNSEL]: [indiscernible].

That's just like hearsay. [indiscernible] statement. Some—there's no—there's no [indiscernible] as the date written on it dates that she wrote it. [indiscernible]. [indiscernible].

[PROSECUTOR]: Yeah. I don't know of any exception to it. Your Honor, it's a question of fact for a jury to decide whether—why, I've laid a proper foundation that she wrote these on the date she [indiscernible].

They're asking a tap on her credibility concerning her testimony as to what she said on August 26, 1991 to Lucy Douthitt. And also at the grand jury proceeding on March 30, 1992. These—State's Exhibits 10 through 12 were indeed made before the time.

If there is an attack with a prior inconsistent statement, the State submits that any prior consistent statements before the alleged prior investigation is made is admissible.

\* \* \* \* \* \*

[THE COURT]: [indiscernible]. The reason exception. You stated [indiscernible] can't [indiscernible] statements of a witness made to others for purposes of supporting her testimony is challenged by subsequent statements. Then [indiscernible] statements made by [indiscernible]. [Indiscernible] statements is admissible.

[DEFENSE COUNSEL]: Yeah, that's when—we don't know—

[THE COURT]: [indiscernible] credibility.

[DEFENSE COUNSEL]: Yeah.

[THE COURT]: In fact, the jury would believe that she [indiscernible] the question. The exhibits will be received into evidence.

Transcript (Tr.) at 166–67.

While it is true that there are several omissions in the recordation of the bench

conference addressing Defendant's objection, it is clear from the transcript that the prosecutor was rehabilitating Stepdaughter's testimony with a prior consistent statement, and that the judge admitted the exhibits on the basis of that exception to the hearsay rule.

Hawai'i Rules of Evidence (HRE) Rule 613(c), HRS chapter 626 (1985), provides in pertinent part:

> **Prior consistent statement of witness.** Evidence of a statement previously made by a witness that is consistent with the witness' testimony at the trial is admissible to support the witness' credibility only if it is offered after:
>
> > (1) Evidence of the witness' prior inconsistent statement has been admitted for the purpose of attacking the witness' credibility, and the consistent statement was made before the inconsistent statement[.] [1]

(Footnote added.)

■ In this case, Stepdaughter was cross-examined regarding her prior inconsistent statements to Douthitt and the grand jury, thus satisfying the foundational requirements for use of her prior consistent statements under HRE Rules 613(c) and 802.1(2). *See State v. Palabay,* 9 Haw.App. 414, 426–29, 844 P.2d 1, 8–9 (1992), *cert. denied,* 74 Haw. 652, 849 P.2d 81 (1993). Defendant was thus not prejudiced by either the substantive resolution of his objection at trial or the omissions in the transcript of the proceedings.

B. *Exclusion of Douthitt's Opinion Regarding Stepdaughter's Failure to Mention Specific Details of Defendant's Conduct*

At trial, Douthitt was called as a defense witness to testify about a videotaped interview she had conducted of Stepdaughter on August 26, 1991, a few days after the allegations against Defendant had been reported to police. According to Douthitt, Stepdaughter never mentioned, during their interview, that Defendant had gagged her, tied her with sheets or a rope, tied her feet to the bed, or used a knife to threaten her. Douthitt further testified that when she asked Stepdaughter how she had gotten the bruise on her thigh, Stepdaughter replied that Defendant had hit her with his hand and never once mentioned a "stick" or "four by four."

Defendant's trial counsel then asked Douthitt whether she had formed "an opinion as to whether or not these incidents were rather unusual." The prosecutor then requested a bench conference, and the following colloquy ensued:

[PROSECUTOR]: Your Honor, I believe he's going to lie. He's going to serve it like she's an expert and everything. He—with that he should lay the proper foundation.

[DEFENSE COUNSEL]: Well, it's not really an expert. I could, but in the interview, she makes a comment that how it happened is unusual. It doesn't usually happen with the exhibit.

[THE COURT]: Who said that?

[DEFENSE COUNSEL]: She did.

[THE COURT]: Okay. I would sustain the objection. That was an objection?

[PROSECUTOR]: Yes. I'm sorry. It was.

[THE COURT]: Okay.

[DEFENSE COUNSEL]: [indiscernible] talking about what am I going to be able to ask her about the statements she

---

1. Hawai'i Rules of Evidence Rule 802.1(2) (Supp.1992) provides in part:
   **Hearsay exception; prior statements by witnesses.** The following statements previously made by witnesses who testify at the trial or hearing are not excluded by the hearsay rule:
   \* \* \* \* \* \*
   (2) Consistent statement. The declarant is subject to cross-examination concerning the subject matter of the declarant's statement, the statement is consistent with the declarant's testimony, and the statement is offered in compliance with rule 613(c)[.]

made to [Stepdaughter]. She stated that it's an unusual [indiscernible]. [Indiscernible whispering].

Tr. at 235–36.

Defendant claims that the gaps in the transcript of the bench conference make it "impossible" for him "to determine what the grounds were that were urged to the Trial Court for the admission of the evidence, or what the Trial Court's reasons for the sustaining of the objection were." We disagree.

A review of the videotape of the bench conference reveals some inaccuracies in the transcript of the bench conference. The transcript attributes to the prosecutor the following statement: "Your Honor, I believe he's going to lie. He's going to serve it like she's an expert and everything." However, the videotape indicates that what the prosecutor actually said was: "Your Honor, I believe he's going to try, he's trying to establish she's like an expert...." Videotape # 300A at 9:47:08 to 9:47:18. It is thus clear that the prosecutor's objection was that Douthitt was being asked to give an expert opinion without first being qualified as an expert witness.

This objection was sustained by the trial court.

■ Since the record discloses that Douthitt was never qualified as an "expert by knowledge, skill, experience, training, or education" in accordance with HRE Rule 702, HRS chapter 626 (Supp.1992), the trial court did not err when it precluded her from expressing an opinion about whether the details of Stepdaughter's alleged assaults by Defendant were unusual.

## *CONCLUSION*

■ We conclude that Defendant was not prejudiced by the quality of the transcripts of his trial so as to deny him his due process right to a meaningful appeal. Defendant's conviction is therefore affirmed.