<u>NOT FOR PUBLICATION IN WEST'S HAWAIʻI REPORTS AND PACIFIC REPORTER</u>

**Electronically Filed
Intermediate Court of Appeals
CAAP-22-0000315
30-JAN-2024
08:25 AM
Dkt. 101 MOT**

NOS. CAAP-22-0000315, CAAP-22-0000366, and
CAAP-22-0000367

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

**<u>CAAP-22-0000315</u>**
ANTHONY K. CHATMAN, Petitioner-Appellant, v.
STATE OF HAWAIʻI, Respondent-Appellee

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CASE NO. 1PR191000006)

and

**<u>CAAP-22-0000366</u>**
STATE OF HAWAIʻI, Plaintiff-Appellee, v.
ANTHONY K. CHATMAN, Defendant-Appellant

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(FC-CR NO. 1FC021000011)

and

**<u>CAAP-22-0000367</u>**
STATE OF HAWAIʻI, Plaintiff-Appellee, v.
ANTHONY K. CHATMAN, Defendant-Appellant

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CR NO. 1PC021002353)

**NOT FOR PUBLICATION IN WEST'S HAWAIʻI REPORTS AND PACIFIC REPORTER**

MEMORANDUM OPINION
(By: Leonard, Acting Chief Judge, Hiraoka and Nakasone, JJ.)

This consolidated appeal[1] arises out of proceedings conducted on remand following the Hawaiʻi Supreme Court's 2019 Summary Disposition Order in State v. Chatman, No. SCWC-16-0000429, 2019 WL 912118 (Haw. Feb. 22, 2019) (SDO) (**2019 Chatman Remand Order**). The 2019 Chatman Remand Order ordered an evidentiary hearing in the circuit court pursuant to Hawaiʻi Rules of Penal Procedure (**HRPP**) Rule 40(f), because Defendant-Appellant Anthony K. Chatman (**Chatman**) "asserted a colorable claim" that a "missing trial transcript" of the prosecution's child abuse expert witness "prejudiced his appeal[.]" Id. at *2. The circuit court issued its "Findings of Fact and Conclusions of Law [(**FOF/COL**)] and Order Granting in Part and Denying in Part Petitioner's Amended Petition for Post-Conviction Relief, Filed April 9, 2021" (**Rule 40 Order**), granting Chatman's petition for relief in part, finding Chatman received ineffective assistance of counsel in his direct appeal, and ordering a new appeal. The Rule 40 Order also vacated the 2004 judgments against Chatman in the two underlying criminal cases, and re-entered both judgments on March 31, 2022, so Chatman could "pursue new appeals" in those cases. In this appeal, Chatman appeals from the (1) Rule 40 Order in CAAP-22-0000315 (**Rule 40 Appeal**); (2) "Judgment of Guilty Conviction and Sentence[,] Notice of Re-entry" (**Re-entered Attempted Murder Judgment**) in CAAP-22-0000366 (**Attempted Murder Appeal**); and (3) "Judgment of Guilty Conviction and Sentence[,] Notice of Re-entry" (**Re-entered Witness Offenses Judgment**)[2] in CAAP-22-0000367

---

[1] We consolidated CAAP-22-0000366 and CAAP-22-0000367 under CAAP-22-0000315 by a December 28, 2022 order. **[22-135 dkt. 75]**

[2] The 2022 Re-entered Witness Offenses Judgment reflects convictions for Bribery of a Witness (Count 1), Intimidation of a Witness

2

(**Witness Offenses Appeal**), all entered on March 31, 2022, by the Circuit Court of the First Circuit.[3]

While Chatman raises multiple points of error (**POEs**) in the three appeals,[4] we confine our review to Chatman's main contention that the Circuit Court erred in FOF/COLs 42, 44, and 45, by granting him a new appeal instead of a new trial, as it is dispositive. We hold that the Rule 40 Order was erroneous in part because the Circuit Court should have granted Chatman the requested relief of a new trial in the attempted murder case, rather than a new appeal. Under the unique circumstances of this case, where the record reflects specific prejudice to Chatman's ability to appeal due to the missing material trial testimony of the State's child abuse expert, a new appeal on the same incomplete record is an inadequate remedy.

---

(Count 2), and Extortion in the Second Degree (Count 3) in 1PC021002353. Chatman's extortion conviction in Count 3, however, was vacated on Chatman's 2006 direct appeal due to merger. State v. Chatman, No. 26763, 2006 WL 2236740, at *35 (Haw. Aug. 3, 2006) (mem. op.) (**2006 Chatman Opinion**).

[3] The Honorable Matthew J. Viola presided over the Rule 40 hearing, entered the Rule 40 Order, and re-entered the judgments in the underlying cases.

[4] In the Rule 40 Appeal, CAAP-22-0000315, Chatman: (1) challenges FOFs 11, 23, 24, 42, 44, and 45 as erroneous; (2) contends that while the Circuit Court "correctly" found Chatman's counsel was ineffective on direct appeal for failing to raise the issue of the missing transcript, the Circuit Court erred by ordering a new appeal based on the same, incomplete record; and (3) contends that while the Circuit Court "correctly" found that the missing 87 minutes of expert testimony were "material," the Circuit Court erroneously ordered a new appeal rather than a new trial.

In both the Attempted Murder Appeal (CAAP-22-0000366) and the Witness Offenses Appeal (CAAP-22-0000367), Chatman raises identical POEs that the Circuit Court (1) erroneously denied Chatman's motion for a mistrial regarding Plaintiff-Appellee State of Hawaiʻi's (**State**) child abuse expert Victoria Schneider M.D.'s (**Dr. Schneider**) testimony; (2) erroneously denied Chatman's motion for mistrial due to prosecutorial misconduct; and that (3) this court should grant Chatman a new trial due to the missing transcript of Dr. Schneider's testimony. In the Attempted Murder Appeal only, Chatman raises an additional POE, that the case should be dismissed based on State v. Obrero, 151 Hawaiʻi 472, 517 P.3d 755 (2022). We address Chatman's Obrero argument infra, and do not address the remaining POEs in light of our resolution.

## I. BACKGROUND

In the underlying criminal proceedings in FC-CR No. 02-1-0011 (**Attempted Murder Case**) and Cr. No. 02-1-2353 (**Witness Offenses Case**), following a 2003 consolidated jury trial, Chatman was convicted of Attempted Murder in the Second Degree of his infant son in the Attempted Murder Case; and of bribery, intimidation, and extortion of a witness in Counts 1, 2, and 3, against the mother of his infant son, in connection with her testimony for the Attempted Murder Case. Chatman, 2006 WL 2236740, at *1-2. While Chatman's extortion conviction was vacated in the 2006 Chatman Opinion on direct appeal, the remaining convictions were affirmed. Id.

In the instant appeal, Chatman, self-represented, filed his 2015 Motion for Correction or Modification of the Record (**Motion for Correction**) arguing that the trial record was missing Dr. Schneider's testimony on her slide show presentation, and that Chatman was prejudiced by his "inability to make substantive claims[ ] relating to Dr. Schneider's Powerpoint presentation, in any future post-conviction or habeas proceedings." Chatman, 2019 WL 912118, * at 2. The Circuit Court denied the Motion for Correction without a hearing. Id. Chatman appealed to this court in 2016; we affirmed in 2018; the supreme court's 2019 Chatman Remand Order vacated in part, concluding that:

> Chatman has asserted a colorable claim that Dr. Schneider's missing trial testimony may have specifically prejudiced his appeal. On the issue of incomplete trial records, this court has previously stated that "[t]he general rule is that where the transcripts of a defendant's trial are incomplete because they omit portions of the trial proceedings, such omissions do not mandate reversal unless they specifically prejudice the defendant's appeal." State v. Kiese, 126 Hawaiʻi 494, 508, 273 P.3d 1180, 1194 (2012).

Id. at *2-3.

4

The 2019 Chatman Remand Order also set forth the following pertinent background for the missing trial testimony issue:

> On June 17, 2003, Dr. Victoria Schneider (Dr. Schneider), a pediatrician, was called by the State to testify as an expert on child abuse. After describing the injuries that the Minor suffered, Dr. Schneider asked if she could share a slide show presentation on shaken baby syndrome with the jury to explain how shaking could have caused the Minor's injuries. Defense Counsel objected. After examining the slides and concluding that they would not be misleading, the circuit court allowed Dr. Schneider to testify in conjunction with the slide presentation, and asked her to return the following morning on June 18, 2003 to begin her presentation. The court then adjourned for the day.
>
> The June 18, 2003 trial transcript in the Record on Appeal does not contain Dr. Schneider's testimony on the slide show presentation.[5] Instead, the first page of the transcript begins with Defense Counsel's objection to Dr. Schneider's testimony. The trial transcript indicates Defense Counsel stated that Dr. Schneider "was rambling on

---

[5]      This omission in the trial transcript contrasts with the HAJIS case summary in the Record on Appeal, which notes that on June 18, 2003, the following occurred:

> 9:04 A.M. CASE CALLED IN PRESENCE OF COUNSEL, DPA/D. OYASATO, CA/C. KANAI AND DEFT ONLY RE: COURT'S INQUIRY OF STATE'S OFFER OF PROOF AS TO WHAT DR. SCHNEIDER'S OPINION WILL BE. COURT NOTED IT WAS NOT AWARE DOCTOR WAS ALSO THE TREATING PHYSICIAN.
>
> COURT'S RECORD MADE. DOCTOR WILL BE PROHIBITED FROM EXPRESSING AN OPINION AS TO THE CREDIBILITY OF THE MOTHER OR WHO MAY HAVE CAUSED INJURIES.
>
> 9:21 A.M. JURY PRESENT; CASE CALLED; APPEARANCES NOTED.
>
> 9:22-10:31 A.M. FURTHER TESTIMONY OF DR. SCHNEIDER.
>
> 9:23-9:32 A.M. [SHAKEN BABY SYNDROME] SLIDE SHOW PRESENTATION PREPARED BY DR. SCHNEIDER.
>
> 10:31 A.M. RECESS.
>
> 10:49 A.M. RECONVENED W/COUNSEL & DEFT ONLY RE: DEFT'S OBJECTION TO WITNESS TESTIFYING AS TO THE "HISTORY" PROVIDED BY MOTHER AND DEFT'S FURTHER OBJECTION TO THE WITNESS "RAMBLING NARRATIVE" DURING THE SLIDE SHOW PRESENTATION. DEFENDANT'S ORAL MOTION FOR JUDGMENT OF ACQUITTAL - DENIED.
>
> 10:55 A.M. JURY PRESENT.

Id. at *1 n.3 (brackets in original).

5

and on, and it looked like a lecture [rather] than testimony in court."  Defense Counsel therefore argued that "[Dr. Schneider's] rambling narrative had an undue prejudicial impact on the Defense.  And for that reason, I would request a mistrial--in this area or in combination with other areas."  The circuit court denied Chatman's motion for mistrial, but stated "your record is preserved." At that point, Defense Counsel began his cross-examination of Dr. Schneider.

Id. at *1 (brackets and footnote in original).  The 2019 Chatman Remand Order noted that:  "while Defense Counsel made an oral motion for a mistrial following Dr. Schneider's testimony and the circuit court assured Chatman that 'your record is preserved,' the testimony which was objected to was not preserved[,]" and "[t]his omission may have specifically prejudiced Chatman's appeal."  Id. at *3 (citation omitted). The supreme court mandated a HRPP Rule 40 evidentiary hearing on Chatman's Motion for Correction, to "determine, pursuant to [Hawai‘i Rules of Appellate Procedure (**HRAP**)] Rule 10(e),[6] whether correction or modification of the record is appropriate."  Id. at *4 (footnote added).

The record on remand reflects the Circuit Court conducted proceedings in 2019 and 2020, during which the parties

---

[6]     HRAP Rule 10(e) provides in pertinent part:

**(e) Correction or modification of the record.**
(1) If any differences arise as to whether the record truly discloses what occurred in the court or agency appealed from, the differences shall be submitted to and settled by that court or agency and the record made to conform to the truth.
(2) If anything material to any party is omitted from the record by error or accident or is misstated therein, corrections or modifications may be as follows:
    (A) by the stipulation of the parties; or
    (B) by the court or agency appealed from, either before or after the record is transmitted; or
    (C) by direction of the appellate court before which the case is pending, on proper suggestion or its own initiative.
    (3) All other questions as to the form and contents of the record shall be presented to the appellate court before which the case is pending.

attempted to re-create the record of the missing testimony.  On March 12, 2021, the court entered an "Order Re: Correction and/or Modification of the Record" (**Order Correcting Record**).  This order stated that:

> the record of the trial proceedings held on June 18, 2003 in *State of Hawaiʻi v. Anthony Chatman*, FC-CR No. 02-1-0011 and CR. No. 02-1-2353, shall be corrected and/or modified to include the following:
> a.  On June 18, 2003, the case was called at 9:04 a.m.  Present at this time were [DPA], Defense [Counsel] and Defendant Anthony Chatman.
> b.  Between 9:04 and 9:21 a.m., a conversation was had between the court and attorneys outside of the presence of the jury.
> c.  At 9:21 a.m., the case was called in the presence of the jury as well as [DPA], Defense [Counsel] and Defendant Anthony Chatman.
> d.  At 9:22 a.m., Dr. Victoria Schneider began testifying on direct examination as a witness for the State of Hawaiʻi.
> e.  Between 9:23 a.m. and 9:32 a.m., Dr. Schneider's testimony included a PowerPoint slide presentation.
> f.  Dr. Schneider's PowerPoint slide presentation consisted of several slides that had been marked for identification on June 17, 2003, as State's Exhibit 66.
> g.  Dr. Schneider's PowerPoint slide presentation included a presentation on shaken baby syndrome and included an animated demonstration of the shaking of an infant and injuries described as subdural hematoma and retinal hemorrhages.
> h.  Dr. Schneider's PowerPoint slide presentation concluded at 9:32 a.m.
> i.  Dr. Schneider's entire direct testimony ended at 10:31 a.m.
> j.  During Dr. Schneider's direct examination on June 18, 2003, defense counsel made at least one objection to Dr. Schneider's testimony.  The objection was that she was testifying by narrative.  The objection was sustained by the court.

Rule 40 Order, FOF/COL 23.

Following the entry of the March 12, 2021 Order Correcting Record, Chatman was permitted to file his April 9, 2021 Amended Rule 40 Petition, in which he argued that:  his counsel on direct appeal was ineffective for "fail[ing] to recognize the absence of more than one hour of expert testimony from the record on appeal, as well as the absence of the

7

objection to said testimony which formed one of the bases of [Chatman]'s motion for mistrial"; and that the corrected record still prejudiced Chatman's due process rights because the missing portions of the transcript were still unavailable. Chatman claimed that "[t]he omissions contained within the newly created record specifically prejudice[d]" Chatman, and requested relief in the form of a new trial.

On November 30, 2021, the Circuit Court held a hearing on Chatman's Amended Rule 40 Petition, during which Chatman's counsel on direct appeal (**Appellate Counsel**)[7] testified. The Circuit Court's March 31, 2022 Rule 40 Order made the following pertinent FOF/COLs:

> 11. On February 22, 2019, the Supreme Court entered a Summary Disposition Order, vacating the ICA's judgment and the circuit court's order denying Petitioner's Motion for Correction. The Supreme Court remanded the case to the circuit court for a HRPP Rule 40 evidentiary hearing on the Motion for Correction: "We remand the case to the circuit court for a HRPP Rule 40 evidentiary hearing on Chatman's Motion for Correction, in which the circuit court should determine, pursuant to HRAP Rule 10(e), whether correction or modification of the record is appropriate."
>
> . . . .
>
> 14. On September 6, 2019, a hearing was held in which the State of Hawaiʻi stipulated that the missing portion of Dr. Schneider's testimony from the June 18, 2003 trial transcript was material and was omitted from the record by error or accident.
>
> . . . .
>
> 24. Following Dr. Schneider's testimony at trial, [Trial Counsel] made an oral motion for a mistrial. The trial judge denied the motion, stating in part: "I must deny the motion for mistrial, but your record is preserved."
>
> . . . .
>
> 42. [Chatman]'s Appellate Counsel erred in omitting appealable issues in the Direct Appeal and therefore

---

[7] Appellate Counsel was not Chatman's trial defense counsel (**Trial Counsel**).

8

precluded a determination of those issues on their merits. A new trial would not be the appropriate remedy responsive to this error. Rather, the appropriate remedy for Appellate Counsel's ineffective assistance in the Direct Appeal is to allow [Chatman] an opportunity to assert the omitted appealable issues in a new appeal, where an appellate court can decide them on their merits. *Id.* at 394.

. . . .

44. [Chatman] asserts that the record, as corrected or modified by the court's March 12, 2021 Order Re: Correction and/or Modification of the Record, is so incomplete that his ability to assert a potentially meritorious argument in a new appeal is specifically prejudiced. Whether the record on appeal, as corrected or modified, is so incomplete that it specifically prejudices [Chatman]'s ability to raise a potentially meritorious argument in a new appeal is an issue for an appellate court to determine in the new appeal.

45. The Amended Rule 40 Petition is granted with respect to [Chatman]'s request for post-conviction relief based on ineffective assistance of Appellate Counsel (ground 1); The Amended Rule 40 Petition is denied with respect to [Chatman]'s request for a new trial on the grounds that the modified and/or corrected record specifically prejudices his due process rights on appeal (ground 2.)

46. Pursuant to HRPP 40(g)(1), and based on the foregoing findings and conclusions that Appellate Counsel rendered ineffective assistance on the Direct Appeal and that a new appeal is the appropriate remedy, the court will enter separate orders in the underlying criminal cases vacating and reentering the judgments of conviction filed on July 19, 2004, to allow [Chatman] the opportunity to pursue new appeals in those matters.

(Emphases added.)[8] The Circuit Court concluded that a new appeal, rather than a new trial as Chatman requested, was "the appropriate remedy[.]" FOF/COL 46. To effectuate the new appeal remedy, the Circuit Court re-entered the July 19, 2004 judgments of conviction in the Attempted Murder Case and the Witness Offenses Case so Chatman could pursue "new appeals" in these cases. Id. Chatman timely appealed.

---

[8] Chatman challenges FOF/COLs 11, 23, 24, 42, 44 and 45 on appeal. FOF/COL 23 is quoted supra.

9

## II. STANDARDS OF REVIEW

"We consider a court's conclusions of law regarding a petition for post-conviction relief de novo[.]" Grindling v. State, 144 Hawaiʻi 444, 449, 445 P.3d 25, 30 (2019) (citing Fragiao v. State, 95 Hawaiʻi 9, 15, 18 P.3d 871, 877 (2001)). A COL "that presents mixed questions of fact and law is reviewed under the clearly erroneous standard[.]" State v. Rodrigues, 145 Hawaiʻi 487, 494, 454 P.3d 428, 435 (2019) (citation omitted).

## III. DISCUSSION

**A. In the Rule 40 Appeal, the remedy of a new appeal rather than a new trial was erroneous where the missing material trial testimony of the State's expert witness specifically prejudiced Chatman's ability to appeal in the Attempted Murder Case.**

In the Rule 40 Appeal, Chatman asserts that in ordering a new appeal, the Circuit Court "essentially granted [Chatman] no remedy" because "[t]he record is still incomplete as there are still 87 minutes of missing expert testimony, arguments, and objections."[9] Chatman argues that the Circuit Court should have concluded that the missing transcript mandated a new trial because the omission of the transcript specifically prejudiced Chatman's ability to appeal.

The State argues that the Circuit Court correctly granted Chatman a new appeal rather than a new trial because Chatman failed "to make a reasonable attempt to reconstruct, modify, or supplement the missing portions of the record," and failed to "demonstrate specific prejudice." The State relies on State v. Bates, 84 Hawaiʻi 211, 217, 933 P.2d 48, 54 (1997) to support its argument that if an "entire transcript could not be

---

[9] Chatman's calculation that the "87 minutes" missing from the court record is the number of minutes that passed between the case being called at 9:04 a.m. and the end of Dr. Schneider's testimony at 10:31 a.m., according to the court minutes.

10

prepared, the parties must show compliance with HRAP Rule 10(c) . . . or show that error was committed by the trial court."

### 1. The State's argument based on <u>State v. Bates</u> and HRAP Rule 10(c) is without merit.

<u>Bates</u> involved inaudible entries in trial transcripts, not missing material trial testimony as in this case, and it is inapposite. <u>Id.</u> at 214, 933 P.2d at 51. The <u>Bates</u> court held that where that defendant "made no attempt to reconstruct the record pursuant to HRAP 10(c)[10] or correct or modify the record pursuant to HRAP 10(e)[,]" the defendant failed to demonstrate "specific prejudice by reason of inaudible entries in a trial transcript," and was "not entitled to a new trial." <u>Id.</u> at 56, 933 P.2d at 219 (footnote added).

Here, the State's argument that Chatman had to comply with HRAP Rule 10(c) is without merit, where the supreme court's 2019 <u>Chatman</u> Remand Order directed the Circuit Court to "determine, pursuant to ***HRAP Rule 10(e)***, whether correction or modification of the record is appropriate." 2019 WL 912118, at *4 (emphasis added). The Circuit Court did so, and entered the March 12, 2021 Order Correcting Record, the contents of which is set forth in FOF 23 in the Rule 40 Order, quoted <u>supra</u>. Assuming *arguendo* HRAP Rule 10(c) applied to these proceedings

---

[10]     HRAP Rule 10(c) provides:

> If the reporter refuses, becomes unable, or fails to transcribe all or any portion of the evidence or oral proceedings after proper request, the party may (i) request that transcription of the reporter's notes be submitted to another reporter for transcription where feasible; or (ii) prepare a statement of the evidence or proceedings from the best available means, including the party's recollection or uncertified transcripts or reporter's notes. The statement shall be served on the opposing party(ies), who may serve objections or propose amendments thereto within 10 days after service. Thereupon the statement and any objections or proposed amendments shall be submitted to the court or agency appealed from for settlement and approval and as settled and approved shall be included by the clerk of the court appealed from in the record on appeal.

on remand, the extensive attempts by the Circuit Court and the parties to recreate the missing record, culminating in the Circuit Court's March 12, 2021 Order Correcting Record, established Rule 10(c) compliance.  The State's arguments are unavailing.

> **2. The record reflects that, under the unique circumstances of this case, where Chatman's ability to appeal was prejudiced due to the missing material trial testimony of the State's child abuse expert, a new appeal on the same incomplete record is an ineffective remedy.**

Chatman argues that the Circuit Court should have found "specific prejudice" under Kiese, because "the record remains incomplete" and an appellate court "cannot determine whether the lower court committed reversible error" during the missing portion of Dr. Schneider's testimony.  (Brackets and emphasis omitted.)  In this regard, Chatman challenges FOF/COLs 42, 44, and 45, which stated that the remedy is a new appeal, because "[w]hether the record on appeal, as corrected or modified, is so incomplete that it specifically prejudices [Chatman]'s ability to raise a potentially meritorious argument in a new appeal is an issue for an appellate court to determine in the new appeal."  Chatman's argument that specific prejudice warranting a new trial was already established on the record before the Circuit Court, is persuasive.

"'The general rule is that where the transcripts of a defendant's trial are incomplete because they omit portions of the trial proceedings, such omissions do not mandate reversal unless they specifically prejudice the defendant's appeal.'" Kiese, 126 Hawai'i at 508, 273 P.3d at 1194 (brackets omitted) (quoting State v. Ganotisi, 79 Hawai'i 342, 343, 902 P.2d 977, 978 (App. 1995)).  Both Kiese and Ganotisi found no specific

12

prejudice to the defendants' appeals for inaudible, or indiscernible responses in transcripts,[11] and did not involve testimony that is completely missing from the transcript, as here.

Here, the June 18, 2003 transcript omitted one hour and nine minutes of Dr. Schneider's testimony, from 9:22 a.m. to 10:31 a.m., that the Circuit Court determined was "material" in FOF/COL 14.[12] The materiality of Dr. Schneider's testimony as the State's child abuse expert witness in an attempted murder prosecution involving Chatman's infant son, is plainly evident. The missing testimony is the entire further direct examination of Dr. Schneider, which included Dr. Schneider's PowerPoint presentation on shaken baby syndrome that drew "at least one" defense objection and a defense motion for a mistrial. FOF/COL 23(g), (j), and 24. While the Order Correcting Record attempted to fill the void of the missing testimony, it is an inadequate

---

[11]    In Kiese, the court concluded no specific prejudice existed because while the trial transcript contained numerous inaudible responses, and the court, prosecutor, and defense attorney had noted for the record that "the [witness] was nodding, shaking his head, or shrugging"; there were no objections; and that the parties' interpretations of the witness's testimony and "what was captured for the record at the trial level was understood by all." 126 Hawaiʻi at 508, 273 P.3d at 1194.

Ganotisi is also distinguishable from the instant case. In Ganotisi, the defendant argued on appeal that he was denied his right to due process because the 368 notations of inaudible or indiscernible responses in the 325 pages of transcript of his two-day trial rendered his appellate counsel "unable to accurately review the trial proceedings to determine whether prejudicial error occurred." Ganotisi, 79 Hawaiʻi at 343, 902 P.2d at 978. The defendant's trial was recorded by video camera, and the videotape of the trial was transcribed by a court reporter; both the transcripts and a copy of the video recording were part of the record on appeal. Id. The supreme court determined that while there were omissions in the transcript, it could still discern from the remainder of the transcript and the video recording as to why the challenged evidence was admitted and why the court sustained the state's objection. Id. at 344-46; 902 P.2d at 979-81.

[12]    Unchallenged FOFs are binding on the parties and on appeal. State v. Rodrigues, 145 Hawaiʻi 487, 494, 454 P.3d 428, 435 (2019) (quoting Kelly v. 1250 Oceanside Partners, 111 Hawaiʻi 205, 227, 140 P.3d 985, 1007 (2006)).

substitute for a transcript necessary for appellate counsel to properly challenge an issue, and for an appellate court to review the same.  "The burden is upon appellant in an appeal to show error by reference to matters in the record, and he or she has the responsibility of providing an adequate transcript." <u>Bettencourt v. Bettencourt</u>, 80 Hawaiʻi 225, 230, 909 P.2d 553, 558 (1995) (brackets omitted) (quoting <u>Union Bldg. Materials Corp. v. The Kakaako Corp.</u>, 5 Haw. App. 146, 151, 682 P.2d 82, 87 (1984)); <u>see</u> HRAP Rule 10(b)(1) (requiring the preparation of a transcript for appellate review); HRAP Rule 28(b)(4)(ii) and (iii) (requiring appellant identify where in the record error occurred, and how it was preserved).  Chatman's ability to appeal any of his missing objection or objections to Dr. Schneider's missing testimony and the motion for mistrial stemming from the same testimony, are clearly prejudiced.  The remedy of a new appeal does not rectify the prejudice to Chatman's ability to appeal where the recording of the missing trial testimony is still missing and unavailable.[13]  We conclude that under the unique circumstances of this case, Chatman demonstrated specific prejudice to his ability to appeal due to missing material trial testimony of Dr. Schneider, warranting a new trial.  <u>See</u> <u>Kiese</u>, 126 Hawaiʻi at 508, 273 P.3d at 1194.  The Circuit Court erred in granting Chatman a new appeal instead of a new trial in FOF/COLs 42, 44, and 45.  <u>See</u> <u>Rodrigues</u>, 145 Hawaiʻi at 494, 454 P.3d at 435.

---

[13]  We take judicial notice of the July 18, 2022 "Certificate of No Transcript" filed by the Supervising Court Reporter of the Circuit Court in CAAP-22-0000366 and CAAP-22-0000367, which indicates that the transcripts of the June 18, 2003 trial proceedings are "not available as the requested hearing dates are (1) outside the [Court Reporter's Office]'s records retention period of 10 years so the Court Reporters Office has no ability to obtain them and/or (2) the Court Reporters Office has no current contact information for each former Official Court Reporter[.]"  <u>See</u> Hawaiʻi Rules of Evidence Rule 201; <u>State v. Kwong</u>, 149 Hawaiʻi 106, 113-14, 482 P.3d 1067, 1074-75 (2021).

> **B. In the Attempted Murder Appeal, the 2022 Re-entered Attempted Murder Judgment and the original 2004 judgment are vacated.**

We also address Chatman's POE in the Attempted Murder appeal that the Complaint should be dismissed under Obrero, in which the supreme court held that charging a defendant with a felony by complaint, rather through an indictment or information, violates Hawaii Revised Statutes (**HRS**) § 801-1 (2014). 151 Hawaiʻi at 478, 482, 517 P.3d at 761, 765. Chatman contends that the Complaint should be dismissed because he was "charged with Attempted Murder in the Second Degree by Complaint," and not by grand jury indictment. The State argues, among other things, that Obrero does not apply because Chatman raises his HRS § 801-1 challenge for the "first time on appeal[,]" and "does not allege that he was prejudiced by the complaint" nor that "the complaint cannot be construed to charge a crime." The State's argument has merit.

In Obrero, the supreme court held that had the defendant challenged the complaint and the State's failure to comply with HRS § 801-1 for the first time on appeal, the supreme court would have "presume[d] the validity of the complaint against him and would not [have] reverse[d] his conviction absent a showing that the complaint prejudiced him or could not be construed to charge a crime." Id. at 478 n.11, 517 P.3d at 761 n.11.

Here, the record reflects that Chatman did not challenge the Complaint or the State's compliance with HRS § 801-1 below. Nor does Chatman argue on appeal how the Complaint "prejudiced him or could not be construed to charge a crime." Thus, we "presume the validity" of the Complaint against Chatman and reject Chatman's challenge. See id.

In light of the resolution of the Rule 40 Appeal supra, that a new trial is the appropriate remedy in the

15

Attempted Murder Case, we vacate the 2022 Re-entered Attempted Murder Judgment and the earlier 2004 Attempted Murder Judgment, and order a new trial on the Attempted Murder Case.

**C.    In the Witness Offenses Appeal, the 2022 Re-Entered Witness Offenses Judgment is vacated.**

The missing trial testimony of child abuse expert, Dr. Schneider, warrants the relief of a new trial in the Attempted Murder Case, but not for the Witness Offenses Case. Nothing in the Rule 40 Order indicates why relief was appropriate or warranted in the Witness Offenses Case. The Circuit Court erred by entering the 2022 Re-Entered Witness Offenses Judgment and ordering a new appeal in that case. See Rodrigues, 145 Hawai'i at 494, 454 P.3d at 435. We thus vacate the Re-entered Witness Offenses Judgment, and the earlier 2004 Witness Offenses Judgment still stands, with respect to Counts 1 and 2.[14]

**IV. CONCLUSION**

For the foregoing reasons, with respect to the following orders and judgments entered by the Circuit Court of the First Circuit:

(1) in CAAP-22-0000315, the Rule 40 Appeal, we affirm in part and vacate in part the March 31, 2022 "Findings of Fact and Conclusions of Law and Order Granting in Part and Denying in Part Petitioner's Amended Petition for Post-Conviction Relief, Filed April 9, 2021";

(2) in CAAP-22-0000366, the Attempted Murder Appeal, the March 31, 2022 "Judgment of Guilty Conviction and Sentence[,] Notice of Re-entry" and the earlier July 19, 2004 "Judgment of Guilty Conviction and Sentence" are vacated, and we remand for a new trial;

(3) in CAAP-22-0000367, the Witness Offenses Appeal, the March 31, 2022 "Judgment of Guilty Conviction and

---

[14]    See footnote 2 supra, regarding disposition of Count 3.

16

Sentence[,] Notice of Re-entry" is vacated, and the earlier July 19, 2004 "Judgment of Guilty Conviction and Sentence" still stands.

DATED:  Honolulu, Hawaiʻi, January 30, 2024.

On the briefs:

George A. Burke,
Attorney for Petitioner-
Appellant in
CAAP-22-0000315

Randal I. Shintani,
Attorney for Defendant-
Appellant in CAAP-22-0000366
and CAAP-22-0000367

Stephen K. Tsushima,
Deputy Prosecuting Attorney
for Respondent-Plaintiff-
Appellee

/s/ Katherine G. Leonard
Acting Chief Judge

/s/ Keith K. Hiraoka
Associate Judge

/s/ Karen T. Nakasone
Associate Judge